IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **476 K STREET, LLC** | * | |
| | * | |
| | * | |
| v. | * | Civil No. TDC 14-2739 |
| | * | |
| **SENECA SPECIALTY** | * | |
| **INSURANCE COMPANY** | * | |

**MEMORANDUM OPINION**

Presently pending is Plaintiff's Motion for a Protective Order and Request for Stay of Mr. Beck's Deposition, ECF No. 27, Plaintiff's Motion to Quash Defendant's Non-Party Subpoenas, ECF No. 32, and KCE Structural Engineers' (KCE) Motion to Quash Defendant's Non-Party Subpoena, ECF No. 37. The issues have been fully briefed and no hearing is necessary. *See* Local Rule 105.6. For the reasons set forth below, Plaintiff's motion for a protective order will be granted, its motion to quash will be granted in part and denied in part, and KCE's motion to quash will be granted in part and denied in part.

This case involves Defendant's adjustment of an insurance claim following the collapse of Plaintiff's nightclub on May 2, 2014, in Washington D.C. Plaintiff alleges that Defendant improperly delayed its coverage decision and failed to timely investigate Plaintiff's claim. The pending motions present two issues: (1) whether Defendant may depose Plaintiff's litigation counsel, Mr. David L. Beck, and (2) whether to enforce two non-party subpoenas.

   **I.     Plaintiff's Motion for a Protective Order.**

The Federal Rules of Civil Procedure do not prevent the deposition of another party's lawyer, so long as the deposition seeks relevant, nonprivileged information. *Carr v. Double T Diner*, 272 F.R.D. 431, 435 (D. Md. 2010); Fed. R. Civ. P. 26(b)(3) and 30(a). "Nevertheless, courts view skeptically efforts to depose an opposing party's attorney, especially when the

subject matter of the deposition may be intertwined with potentially privileged information, and such depositions are typically permitted only when the information sought is not available from another source." *Carr*, 272 F.R.D. at 435 (citations omitted). "Generally, the party seeking the deposition must establish a legitimate basis for requesting the deposition and demonstrate that the deposition will not otherwise prove overly disruptive or burdensome." *Maxtena, Inc. v. Marks*, 289 F.R.D. 427, 440-41 (D. Md. 2012) (citation omitted); *see also S.E.C. v. SBM Inv. Certificates, Inc.*, Case No. DKC 06-0866, 2007 WL 609888, at *25-26 (D. Md. Feb. 23, 2007) (noting that "'the mere request to depose a party's attorney constitutes good cause for obtaining a . . . protective order unless the party seeking the deposition can show both the propriety and need for the deposition . . . [b]ecause deposition of a party's attorney is usually both burdensome and disruptive'") (quoting *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83 (M.D.N.C. 1987)); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i)–(iii) (requiring the court to limit discovery if: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; "(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or "(iii) the burden or expense of the proposed discovery outweighs its likely benefit . . .").

Plaintiff is not calling Mr. Beck as a witness. ECF No. 27-1 at 2. Nevertheless, Defendant posits several reasons why his deposition is necessary. First, Defendant contends that Plaintiff relies on Mr. Beck's communications to support its allegation that Defendant improperly refused or delayed certain payments under the Policy. ECF No. 29 at 6-7. Defendant, in arguing that Mr. Beck's testimony is critical to this allegation, references a letter from Mr. Beck to Steven Sollecito, Defendant's claims examiner, in which Mr. Beck states that Defendant has yet to issue a payment for "loss of business income," and that Lakeisha Haskins, a

2

representative of Defendant, stated that Defendant would be issuing a $92,000 payment.  ECF No. 29 at 7.  However, because Mr. Beck will not be a witness, Plaintiff cannot rely on any of his oral assertions, or on his hearsay written claim that Ms. Haskins promised a payment.  And his deposition is certainly not necessary on the question whether Defendant issued any payments.

Next, Defendant claims that "Plaintiff is literally relying upon the communications of Mr. Beck" to show that it failed to timely inspect the property.  ECF No. 29 at 9.  Defendant, in contrast, offers evidence that its site visits were delayed because Mr. Beck refused requests for inspection.  *Id*.; ECF No. 29-3 at 3.  The parties dispute whether Mr. Beck or KCE, the firm in charge of overseeing the building "make-safe effort," was in charge of handling requests for inspection.  *See* ECF No. 30 at 6.  Regardless, the fact that Mr. Beck is not a witness means that he can neither support Plaintiff's position nor rebut any evidence Defendant may present on this issue.

Finally, Defendant claims that it is entitled to question Mr. Beck regarding Plaintiff's allegation that Defendant failed to complete its investigation within 45 days of receiving notice of the claim in violation of COMAR 31.15.07.04(B).  ECF No. 29 at 11.  Defendant points out that this 45 day period is tolled "[i]f an insurer requires additional information . . . to properly consider a claim," and claims that Mr. Beck failed to provide Defendant with the additional information it requested.  Again, as Mr. Beck will not be able to either support Plaintiff's allegation or rebut Defendant's evidence, his deposition is unnecessary.

In sum, Defendant's request to depose Mr. Beck is based on speculation that Plaintiff will use his testimony to prove certain factual assertions in Plaintiff's complaint.  Plaintiff's clarification that it will not call Mr. Beck as a witness, however, proves that speculation to be incorrect.  Mr. Beck's written communications, to the extent that they are admissible, speak for

themselves. To the extent that Defendant wishes to dispute or rebut them, Mr. Beck will be unable to reply. Under these circumstances, Defendant has not met its burden of justifying the request to depose him.[1]

**II.     The Motions to Quash.**

Plaintiff and subpoena recipient KCE filed separate motions to quash Defendant's non-party subpoenas. *See* ECF Nos. 32 and 37. Federal Rule of Civil Procedure 45 establishes the rules for subpoenas served upon non-parties. *United States v. Star Scientific, Inc.*, 205 F. Supp. 2d 482, 484 (D. Md. 2002). The court must quash or modify a subpoena if it does not allow a reasonable time for compliance, requires the disclosure of privileged or protected information, or causes undue burden. The party moving to quash bears the burden of proving that a subpoena merits quashing. *Maxtena* 289 F.R.D. at 439. Non-party subpoenas issued pursuant to Rule 45 are treated as a form of discovery. *See Dent v. Siegelbaum*, Case No. DKC 8-0886, 2012 WL 718835, at *12 (D. Md. Mar. 5, 2012) (rejecting plaintiff's argument that "Rule 45 subpoenas to third parties are not discovery and can be served after discovery deadlines," concluding that "most courts interpret Rule 45 subpoenas as discovery") (citing *Mortgage Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 566-67 (W.D.N.C. 2002)). As with discovery generally, district courts "are afforded broad discretion" in determining whether to quash a subpoena. *Cook v. Howard*, 484 F. App'x 805, 812 (4th Cir. 2012).

The KCE subpoena is untimely. Discovery closed on April 17, 2015, with Judge Chuang specifying that no extensions of that date would be granted. ECF No. 21. Defendant served the KCE subpoena on April 17, 2015, seeking compliance by April 24, 2015. ECF No. 37 at 4.

---

[1] Plaintiff's request for fees related to filing this motion, ECF No. 27-1 at 8, is denied on the basis that its only supporting argument is speculation that Defendant's choice of time and place of the scheduled deposition constitutes harassment.

Local Rule 104.2 states that written discovery requests

> must be made at a sufficiently early time to assure that they are answered before the expiration of the discovery deadline set by the Court.  Unless otherwise ordered by the Court, no discovery deadline will be extended because written discovery requests remain unanswered at its expiration.

The court incorporated this Rule in its scheduling order, directing that "[a]ll discovery requests must be served in time to assure that they are answered before the discovery deadline." ECF No. 7 at 4.  Clearly, compliance by the April 17th discovery deadline with a subpoena served on April 17 is not a reasonable expectation.

Defendant argues that the court's deadline is not dispositive because the parties agreed to extend the discovery deadline to May 8, 2015.  ECF No. 40 at 1-2.  Plaintiff disputes that such an agreement exists, but the existence of such an agreement would not change the outcome because a scheduling order cannot be modified without a judge's consent.  Federal Rule of Civil Procedure 16(b)(4).  The parties' agreement to conduct depositions beyond the close of discovery is thus of no consequence.  The parties may agree to conduct depositions, or provide documents, whenever they choose, but they may not seek the court's assistance in obtaining production when the court's deadline has passed.

Defendant contends, however, that the timing of the KCE subpoena is justified because it could not understand the significance of the requested information until March 25, 2015, when it received Plaintiff's written discovery responses, ECF No. 40 at 3, and because Plaintiff delayed and extended discovery during the court-authorized discovery period.  Plaintiff asserts that Defendant should have known that the material was significant, but the information cited by Plaintiff, ECF No. 82 at 9, does not, as Plaintiff claims, "make it clear that KCE . . . was ultimately responsible for coordinating all requests to inspect the Property" or that "all requests for inspection went through KCE . . . [i]n the months following the collapse."  ECF No. 30 at 6-

5

7. Plaintiff did not unequivocally represent that KCE was the entity responsible for coordinating site visits until its interrogatory response, provided on March 25, 2015, 24 days before the discovery deadline.

Defendant should have sought leave of court to serve this subpoena. Nevertheless, some of the requested material is clearly relevant to Plaintiff's bad faith claim and can be provided with minimal burden, as Defendant proffers that the scope of the KCE subpoena "could be limited to merely the relevant emails and correspondence in KCE's possession for the period of May 2014 to July 2014," relating to "access to the building." ECF No. 41 at 2. Such limited production will address KCE's concern of undue burden. *See* ECF No. 37 at 5. Accordingly, KCE must comply with the subpoena only with respect to non-privileged documents relating to KCE's authority to control access to the property as described at ECF No. 37-1 at 10-11 ¶ 2.[2] The motions to quash are otherwise granted.[3]

These rulings will be documented in a separate Order.

Date: May 28, 2015

/S/
Jillyn K. Schulze
United States Magistrate Judge

---

[2] The disputes as to whether KCE's causation documents are subject to the attorney-client privilege and whether Plaintiff was required to provide Defendant with a privilege log are moot because the court is limiting production to documents relating to access to the property.

[3] Defendant does not present any basis other than its failed timeliness argument upon which it requests compliance with the J Rus Resources subpoena, thus, that subpoena is quashed.